IN THE UNITED STATE DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LESLY ROSS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. |
| v. | ) |
| | ) |
| **OPTUM SERVICES INC., a Delaware Corporation,** | ) |
| | ) |
| **Defendant.** | ) |

## PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Plaintiff, LESLY ROSS ("Plaintiff"), by and through her attorneys, GORDON GORDON & CENTRACCHIO, LLP., for her complaint at law against Defendant, OPTUM SERVICES INC., a Delaware Corporation ("Defendant"), state as follows:

### NATURE OF THE ACTION

This lawsuit arises out of federal-question statutory claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12101, *et seq*., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*., and analogous Illinois statutory claims arising out of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2.

1. Plaintiff was at all times Hispanic and disabled with a Fibromyalgia and was subjected to a harassing and/or hostile work environment and was retaliated against by being disciplined and discharged on the basis of her protected classes.

### PARTIES

2. At all times relevant, Plaintiff resided in Plano, Kendall County, Illinois.

3. At all times relevant, Defendant was incorporated within the state of Delaware, and conducted business/maintained a registered agent in Chicago, Cook County, Illinois.

## JURISDICTION & VENUE

4. The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1367. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff claims arise under the laws of the United States, namely, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the claims arising out of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2, arise out of the same operative facts and controversy that the Court has original jurisdiction over.

5. Venue is proper as the alleged violations occurred in the Northern District of Illinois.

6. Plaintiff exhausted her administrative remedies by filing a charge of discrimination with the Illinois Department of Human Rights (IDHR), which was cross filed with Equal Employment Opportunity Commission (EEOC), in which she alleged that Defendant, due to her disability status as a person with fibromyalgia, was treated differently than similarly situated non-disabled persons by harassing, retaliating, denying overtime, denied promotional and training opportunities, and was denied breaks, which she was granted accommodations for.

7. Plaintiff brought this lawsuit following receiving a right to sue letter from the IDHR and did so timely within 90 days receipt of the notice.

## JURY DEMAND

8. Pursuant to FRCP 38(b), Plaintiff demands to be heard by a jury of twelve on all issues at the time of trial.

**FACTUAL BACKGROUND**

9. Plaintiff was employed as HouseCalls scheduling coordinator for Defendant beginning on or about October 8, 2021.

10. At all times relevant, Plaintiff suffered from fibromyalgia, which is a chronic, non-curable disease that causes those who have it to have a sensitivity to/severe pain and fatigue throughout the body.

11. At all times relevant, Plaintiff's fibromyalgia caused excessive fatigue, pain and occasional debilitating flare ups.

12. On or about November 8, 2021, Defendant became aware of Plaintiff's condition when Plaintiff informed her supervisor of her disability.

13. Plaintiff began the disability accommodation process in or about February, 2022.

14. Prior to the Plaintiff's accommodation request, Plaintiff was to work Monday – Friday from 11:00 AM – 7:30 PM.

15. Due to Plaintiff's disability, she was recommended on March 4, 2022, to modify her work hours to 8:00 AM – 4:30 PM and to receive three days of intermittent leave, per month, when flare ups occurred.

16. Plaintiff's suggested accommodations were approved by Defendant's human resources department on March 14, 2022.

17. Following Plaintiff notifying her supervisor of her disability, she began noticing that she was treated differently by her supervisor as compared to non-disabled persons.

18. At all times relevant, Plaintiff was of the race Hispanic.

19. At all times relevant, Defendant's direct supervisor and other members on her team were all of the race Caucasian.

20. In addition to being treated differently due to Plaintiff's disability, Plaintiff specifically noted that another Caucasian colleague, who was dealing with personal challenges of her own, was given ample compassion and public support by her direct supervisor and others, as compared to Plaintiff who was talked and managed in a belittling and degrading manner.

21. Plaintiff's Caucasian colleague, who was given compassion and support, had the same role as Plaintiff and began working for Defendant at the same time as Plaintiff.

22. Plaintiff also was minimized in meetings, told to remain silent when her supervisor solicited feedback from the team, and was not given the opportunity and training that her supervisor provided to other similarly situated non-Hispanic and non-disabled employees.

23. On or about May 3, 2022, Defendant reprimanded Plaintiff for minor delays in documenting a call, which were due to nausea and brain fog caused by Plaintiff's disability.

24. The call documentation process is also known as "after call work" ("ACW"), where Plaintiff was expected to input information details of the call.

25. As part of tracking Plaintiff's performance, Defendant tracked the time in which it took Plaintiff to complete the ACW.

26. Despite Defendant, by and through its authorized agent in Plaintiff's supervisor, acknowledging that the delays in Plaintiff completing the ACW were due to Plaintiff's disability, Defendant accused Plaintiff of "call avoidance" for not timely inputting the ACW and placed her on a performance improvement plan ("PIP").

27. On or about May 18, 2022, when discussing the PIP and delays in entry of the ACW with Plaintiff's supervisor, Plaintiff explained to her supervisor that the physical toll her disability has on her, and how she has brain fog, which can make it difficult to complete the ACW as quickly as expected.

28. In response, Plaintiff's supervisor made crass jokes and insinuated that Plaintiff was lying about her condition. The supervisor also suggested reaching out to human resources to request additional accommodation requests specifically allowing her additional time to complete the ACW, in order to avoid being dinged for "call avoidance" in the future.

29. Following that meeting, Plaintiff informed Defendant's human resources department of the conversation and began the process of seeking an additional accommodation.

30. Plaintiff's doctor recommended Plaintiff receive additional time to complete the ACW due to the brain fog caused by her Fibromyalgia.

31. Plaintiff was removed from the PIP towards the end of May 2022, prior to having the accommodation request approved, meeting the stated goals of the PIP to improve her ACW.

32. This second accommodation request was approved by human resources on June 22, 2022, which gave Plaintiff additional time to complete the ACW following a call.

33. On June 23, 2022, Plaintiff was terminated by Defendant and was told by her supervisor that it was due to ACW issues, which she had improved following her PIP and just had received an accommodation for.

34. Plaintiff's accommodation requests, which were signed by a physician, complained of chronic pain, fatigue, nausea and brain fog, consistent with Plaintiff's fibromyalgia diagnosis.

35. Despite improving her job performance leading her to be moved off of the PIP without accommodations, and following her supervisors suggestion to seek additional accommodations, Plaintiff was terminated.

36. At all times relevant, Plaintiff's supervisor, Rachel Stephens, was an authorized actual and/or apparent agent, servant and/or employee of Defendant.

37. At all times relevant, when Plaintiff needed to be absent from work due to her disability, Plaintiff properly notified Defendant that she was out for reasons related to her disability, in accordance with Defendant's policies and procedures.

38. At all times relevant, when Plaintiff needed additional accommodations at Defendant's request, she did so in accordance with Defendant's policies and procedures.

39. Despite Plaintiff using her accommodations in an approved manner, and seeking additional accommodation requests in an approved manner, Plaintiff was harassed by her supervisor, subjected to a hostile and abusive working environment, that non-disabled persons were not subjected to.

40. As a result, Defendant was denied training, equal treatment amongst her peers, and ultimately terminated.

41. At all times relevant, Plaintiff sought out additional opportunities to better herself and desired to be trained and treated in the same manner as non-disabled and non-Hispanic persons were.

42. Despite Plaintiff's requests, Defendant by and through its authorized agent Rachel Stephens, refused to provide her with these opportunities.

43. The harassment and hostile behavior exhibited by Defendant's authorized agent, was based on Plaintiff's protected status and ultimately retaliated against Plaintiff in terminating her due in large part to having and seeking additional protections.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

44. Plaintiff restates and realleges paragraphs 1-43 as though fully set forth herein as paragraph 44 of this Count I.

45. The ADA prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *See* 42 U.S.C. § 12112.

46. Plaintiff is disabled within the meaning of the ADA because: (1) she has/had physical or mental impairments that substantially limited one or more major life activities; (2) she has/had a record of such impairments; and (3) she was regarded by Defendant as having such impairments (*see supra*). *See* 42 U.S.C.S. § 12102(1).

47. Plaintiff's impairments substantially compromised Plaintiff's ability to function in normal activities of daily living.

48. Plaintiff's impairments were severe and at times rendered Plaintiff unable to work.

49. Despite Plaintiff's fibromyalgia, Plaintiff was fully qualified to perform the essential functions of her job, if she was given reasonable accommodations of hour modification and a standing desk.

50. Defendant is a covered employer to which the ADA applies.

51. Once an employee notifies their employer that she is disabled, "at that point, an employer's liability is triggered for failure to provide accommodations." *Curtis v. Costco Wholesale Corp.*, No. 13 C 3432, 2014 U.S. Dist. LEXIS 134182, at *22 (N.D. Ill. Sep. 24, 2014).

52. Defendant discriminated against Plaintiff by retaliating against her for being disabled, having approved accommodations and seeking additional accommodations.

53. Plaintiff's employment was stagnated because of her disability when she was denied the opportunity to be trained in a manner consistent with similarly situated non-disabled employees, being held to a different standard than her contemporaries, had her disability status joked about and spoken about in a crass manner, and in being terminated.

54. Similarly situated non-disabled employees were treated differently at Defendant, as non-disabled employees with absentee issues received the opportunity for professional growth.

55. Defendant's hostility and retaliation against Plaintiff was on the basis of her disability, violated the ADA.

56. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer injuries of a personal and pecuniary nature .

WHEREFORE the Plaintiff, LESLY ROSS, respectfully requests that judgment be entered against Defendant, OPTUM SERVICES INC., a Delaware Corporation, and that this Honorable Court award her the following relief:

    A.    Back pay in an amount to be determined at trial;
    B.    Compensatory and consequential damages, including for emotional distress;
    C.    Punitive damages;
    D.    Pre-judgment and post-judgment interest at the highest lawful rate;
    E.    Attorneys' fees and costs of this action;
    F.    Any such further relief as this Honorable Court finds reasonable.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

57. Plaintiff restates and realleges paragraphs 1-43 as though fully set forth herein as paragraph 57 of this Count II.

58. Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against their employees on the basis of race.

59. At all times relevant, Plaintiff was of the race Hispanic and of a protected class.

60. At all times relevant, Plaintiff was able to perform their job duties as well as non-Hispanic employees.

61. Despite their job performance, Defendant treated Plaintiff differently than other similarly situated non-Hispanic employees were given training, support, promotional opportunities and not harassed and ultimately terminated on the basis of their race.

62. Defendant's hostility and retaliation against Plaintiff was on the basis of her race in violation of Title VII of The Civil Rights Act of 1964.

63. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE the Plaintiff, LESLY ROSS, respectfully requests that judgment be entered against Defendant, OPTUM SERVICES INC., a Delaware Corporation, and that this Honorable Court award her the following relief:

   A. Back pay in an amount to be determined at trial;
   B. Compensatory and consequential damages, including for emotional distress;
   C. Punitive damages;
   D. Pre-judgment and post-judgment interest at the highest lawful rate;
   E. Attorneys' fees and costs of this action;
   F. Any such further relief as this Honorable Court finds reasonable.

## COUNT III
### Illinois Human Rights Act. 775 ILCS 5/2: Disability Discrimination – Hostile Work Environment

64. Plaintiff restates and realleges paragraphs 1 – 43 of this Complaint, as if fully set forth herein as paragraph 64 of this Count III.

65. By and through its conduct in allowing a hostile and abusive work environment, Defendant and its authorized agents, servants and/or employees discriminated against Plaintiff on

the basis of her disability allowing her to be harassed in violation of the Illinois Human Rights Act. 775 ILCS 5/2.

66. Defendant and its authorized agents, servants and/or employees intentionally subjected Plaintiff to unwanted harassment on the basis of her disability and knowingly created a hostile condition and work environment, all in violation of the Illinois Human Rights Act 775 ILCS 5/2.

67. The conduct of Defendant and its authorized agents, servants and/or employees toward Plaintiff, was performed intentionally and with malice and/or was taken with reckless indifference to Plaintiff's protected rights.

68. As a proximate result of the foregoing act and/or omissions, Plaintiff has suffered actual damages, including, but not limited to, lost wages, incidental damages, pain and suffering in the form of emotional distress, anxiety, embarrassment and humiliation, and attorneys' fees and costs.

WHEREFORE the Plaintiff, LESLY ROSS, respectfully requests that judgment be entered against Defendant, OPTUM SERVICES INC., a Delaware Corporation, and that this Honorable Court award her the following relief:

    A.    Back pay in an amount to be determined at trial;
    B.    Compensatory and consequential damages, including for emotional distress;
    C.    Pre-judgment and post-judgment interest at the highest lawful rate;
    D.    Attorneys' fees and costs of this action;
    E.    Any such further relief as this Honorable Court finds reasonable.

### COUNT IV
### Illinois Human Rights Act. 775 ILCS 5/2: Racial Discrimination – Hostile Work Environment

69. Plaintiff restates and realleges paragraphs 1 – 43 of this Complaint, as if fully set forth herein as paragraph 69 of this Count IV.

70. By and through its conduct in allowing a hostile and abusive work environment, Defendant and its authorized agents, servants and/or employees discriminated against Plaintiff on the basis of her race allowing her to be harassed in violation of the Illinois Human Rights Act. 775 ILCS 5/2.

71. Defendant and its authorized agents, servants and/or employees intentionally subjected Plaintiff to unwanted harassment on the basis of her race and knowingly created a hostile condition and work environment, all in violation of the Illinois Human Rights Act 775 ILCS 5/2.

72. The conduct of Defendant and its authorized agents, servants and/or employees toward Plaintiff, was performed intentionally and with malice and/or was taken with reckless indifference to Plaintiff's protected rights.

73. As a proximate result of the foregoing act and/or omissions, Plaintiff has suffered actual damages, including, but not limited to, lost wages, incidental damages, pain and suffering in the form of emotional distress, anxiety, embarrassment and humiliation, and attorneys' fees and costs.

WHEREFORE the Plaintiff, LESLY ROSS, respectfully requests that judgment be entered against Defendant, OPTUM SERVICES INC., a Delaware Corporation, and that this Honorable Court award her the following relief:

A. Back pay in an amount to be determined at trial;
B. Compensatory and consequential damages, including for emotional distress;
C. Pre-judgment and post-judgment interest at the highest lawful rate;
D. Attorneys' fees and costs of this action;
E. Any such further relief as this Honorable Court finds reasonable.

## COUNT V
### Illinois Human Rights Act. 775 ILCS 5/2: Retaliatory Discharge

74. Plaintiff restates and realleges paragraphs 1 – 43 of this Complaint, as if fully set forth herein as paragraph 74 of this Count V.

75. By and through its conduct in allowing a hostile and abusive work environment, Defendant Business and its employees discriminated against Plaintiff on the basis of her disability and race, allowing disability harassment, racial harassment and other discriminatory and harassing conduct to take place and creating an untenable working environment and terminating her employment, thus being retaliatorily discharged, in violation of the Illinois Human Rights Act. 775 ILCS 5/2.

76. Defendant Business and its employees intentionally subjected Plaintiff to unwanted harassment on the basis of her disability and race, creating and fostering a hostile work environment to take place, creating an untenable working environment, and terminating her employment, thus being retaliatory discharged, in violation of the Illinois Human Rights Act 775 ILCS 5/2.

77. The conduct of Defendant and its employees toward Plaintiff, was performed intentionally and with malice and/or was taken with reckless indifference to Plaintiff's protected rights.

78. As a proximate result of the foregoing act and/or omissions, Plaintiff has suffered actual damages, including, but not limited to, lost wages, incidental damages, pain and suffering in the form of emotional distress, anxiety, embarrassment and humiliation, and attorneys' fees and costs.

WHEREFORE the Plaintiff, LESLY ROSS, respectfully requests that judgment be entered against Defendant, OPTUM SERVICES INC., a Delaware Corporation, and that this Honorable Court award her the following relief:

A. Back pay in an amount to be determined at trial;
B. Compensatory and consequential damages, including for emotional distress;
C. Pre-judgment and post-judgment interest at the highest lawful rate;
D. Attorneys' fees and costs of this action;
E. Any such further relief as this Honorable Court finds reasonable.

Respectfully submitted,
LESLY ROSS

By: /s/ Robert Thomas
One of Her Attorneys

Robert Thomas
Gordon Gordon & Centracchio, LLP.
211 W. Wacker
Suite 550
Chicago, Illinois 60606
(312) 332-5200
Atty No. 36504
rct@ggclaw.com
*Attorneys for Plaintiff*